IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,755-01 & -02






EX PARTE JEFFREY SCOTT HATFIELD, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0317333A & 0518060A IN THE 8
TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of methamphetamine
and manufacture of methamphetamine. He was sentenced to twenty-five years' imprisonment for each
count. He did not appeal his convictions.

 Applicant contends, among other things, that he was subjected to double jeopardy in violation of
the Fifth Amendment. On May 9, 2007, we remanded these applications and directed the trial court to
make findings of fact and conclusions of law. Specifically, we directed the trial court to determine "what
the facts of the possession and manufacture offenses were and whether there were two separate quantities
of methamphetamine." On remand, without making findings of fact, the trial court adopted the State's
response and concluded that Applicant was not subjected to double jeopardy. The record before us,
however, does not contain a response from the State, and it appears that the State did not file a response.

 We believe that the record is not adequate to resolve Applicant's claim. Accordingly, the trial court
shall make findings of fact. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant's convictions violate the Fifth
Amendment's protection against double jeopardy. Specifically, the trial court shall make findings as to what
the facts of the possession and manufacture offenses were and whether there were two separate quantities
of methamphetamine. The trial court shall make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


 

Filed: October 17, 2007

Do not publish